WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Tryals, | No. CV-16-03037-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Me Elecmetal/Me Global, | |
| Defendant. | |

At issue is pro se Plaintiff Michael Tryals' Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). The Court finds that Plaintiff does not have sufficient means to pay the Court's fees and will grant the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff has not satisfied the pleading requirements of the Federal Rules of Civil Procedure and fails to state a cause of action. The Court therefore dismisses the Complaint (Doc. 1) without prejudice and grants Plaintiff leave to file a First Amended Complaint consistent with the findings of the Court set forth herein.

## I. LEGAL STANDARDS

**A. Statutory Screening of In Forma Pauperis Complaint Pursuant to 28 U.S.C. § 1915 (e)(2)**

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2). A pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a claim for relief, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id*. at 1127.

## II. ANALYSIS

Plaintiff's Complaint states that he was discriminated against by the Defendant pursuant to Title VII of the Civil Rights Act of 1964 "on several occasions from August 2014-September 2015." (Doc. 1, 1-2). Plaintiff indicates that (i) he filed charges with

1  the U.S. Equal Employment Opportunity Commission ("EEOC"), (ii) he received a Right
2  to Sue letter, and (iii) the EEOC filed a retaliation charge against the Defendant. (*Id*. at
3  2). Plaintiff also states that an NLRB arbitration hearing is scheduled for November
4  2016. (*Id*.) Plaintiff seeks monetary damages "for discrimination and wrongful
5  termination and lost wages and pain and suffering." (*Id.*).

6  Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., ("Title VII") provides
7  that "[i]t shall be an unlawful employment practice for an employer (1) to fail or refuse to
8  hire or to discharge any individual, or otherwise discriminate against any individual with
9  respect to his compensation, terms, conditions, or privileges of employment, because of
10 such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-
11 2(a)(1). In a claim for discrimination pursuant to Title VII, a plaintiff must "offer
12 evidence that 'give[s] rise to an inference of unlawful discrimination.'" *Lowe v. City of*
13 *Monrovia*, 775 F. 2d 998, 1005 (9th Cir. 1985), *as amended*, 784 F. 2d 1407 (1986)
14 (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). A
15 plaintiff may prove discrimination by direct evidence that a defendant's challenged
16 employment action was either intentionally discriminatory or that it had a discriminatory
17 effect on the plaintiff. *See Jespersen v. Harrah's Oper. Co., Inc*., 444 F. 3d 1104, 1108-
18 09 (9th Cir. 2006). In the absence of direct evidence, a plaintiff may establish by
19 circumstantial evidence a prima facie case of discrimination by proving that (i) plaintiff is
20 a member of a protected class, (ii) plaintiff was qualified for his position and performing
21 his job satisfactorily, (iii) plaintiff experienced an adverse employment action, and (iv)
22 similarly situated employees outside plaintiff's protected class were treated more
23 favorably, or other circumstances surrounding the adverse employment action give rise to
24 an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792,
25 802 (1973); *Hawn v. Executive Jet Mgmt., Inc*., 615 F. 3d 1151, 1156 (9th Cir. 2010).
26 Plaintiff must show that discrimination was either the sole reason for or a "motivating
27 factor" in the employer's adverse employment decision. *See Costa v. Desert Palace,*
28 *Inc.*, 299 F.3d 838, 853-54 (9th Cir. 2002) (en banc) ("Put simply, the plaintiff in any

Title VII case may establish a violation through a preponderance of evidence (whether direct or circumstantial) that a protected characteristic played 'a motivating factor.'"), *aff'd*, 539 U.S. 90 (2003).

A plaintiff bears the burden of proof under Title VII. *Burdine*, 450 U.S. at 253 ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.") If the plaintiff establishes by a preponderance of the evidence a prima facie case of discrimination, then "the burden of production, but not persuasion, shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the challenged action." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F. 3d 1115, 1123-24 (9th Cir. 2000). Plaintiff must then show that defendant's stated reason for the adverse employment action was a mere "pretext" for unlawful discrimination or discriminatory in its application. *McDonnell Douglas Corp.,* 411 U.S. at 804. "[A] plaintiff can prove pretext in two ways: (1) *indirectly,* by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable, or (2) *directly,* by showing that unlawful discrimination more likely motivated the employer." *Chuang*, 225 F.3d at 1127 (emphasis added) (citing *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220–22 (9th Cir. 1998)); *see Burdine,* 450 U.S. at 256. "All of the evidence [as to pretext] – whether direct or indirect – is to be considered cumulatively." *Raad v. Fairbanks North Star Borough School Dist.,* 323 F.3d 1185, 1194 (9th Cir. 2003). Where the evidence of pretext is circumstantial, rather than direct, the plaintiff must present "specific" and "substantial" facts showing discrimination. *Godwin*, 150 F.3d at 1222.

Title VII also prohibits discrimination against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "Title VII's antiretaliation provision forbids employer actions that 'discriminate against' an employee (or job applicant) because he has 'opposed' a practice that Title VII forbids

or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006) (quoting 42 U.S.C. § 2000e-3(a)). Whereas the anti-discrimination provision of Title VII seeks to secure a workplace free from discrimination on the basis of race, religion, sex, or national origin, the anti-retaliation provision of Title VII prohibits employers from "interfering (through retaliation) with an employee's efforts to secure or advance enforcement of [Title VII's] basic guarantees." *Id.* at 63. In a retaliation claim, the plaintiff must prove by a preponderance of evidence that (i) plaintiff engaged in or was engaging in "protected activity"; (ii) the employer subsequently subjected the plaintiff to adverse employment action; and (iii) that "a causal link exists between the two." See *Dawson v. Entek Int'l*, 630 F. 3d 928, 936 (9th Cir. 2011).

In addition, a plaintiff who believes he has been discriminated against on either theory must file a charge within the statutory time period and serve notice upon the defendant against whom the charge is made. *See* 42 U.S.C. § § 2000e-5(b), (e)(1); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). A charge must be filed within 180 days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place, and circumstances of the alleged unlawful employment practice) must be served upon the Defendant within ten days. However, if a plaintiff initially institutes proceedings with the Arizona Civil Rights Division, the charge must be filed within 300 days of the unlawful employment practice alleged. 42 U.S.C. § 2000e-5(e)(1); *Morgan*, 536 U.S. at 109. Though not a jurisdictional prerequisite to suit in federal court, the timely filing of a charge of discrimination is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc. Independent Federation of Flight Attendants v. Trans World Airlines, Inc*., 455 U.S. 385, 393 (1982). A claim for discrimination under Title VII is timely filed in District Court if filed within ninety days after the issuance of the right-to-sue letter. *See O'Donnell v. Vencor Inc*., 466 F. 3d 1104, 1109 (9th Cir. 2006) (citing 42 U.S.C. § 2000e-5(f)(1)). The timely filing of a complaint in District Court does not

1 satisfy the requirement of timely filing a charge with the EEOC or appropriate state
2 agency.

3 Here, though Plaintiff has timely filed his Complaint within ninety days of the
4 issuance of the EEOC's Notice of Right to Sue letter attached to the Complaint, Plaintiff
5 has failed to allege facts sufficient for the Court to find that Plaintiff's charges were
6 timely made. Plaintiff indicates only that he filed charges in January 2015, a date
7 inconsistent with discrimination alleged to have occurred from August 2014 through
8 September 2015. The Court does not possess a copy of the charges.

9 In addition, Plaintiff fails to allege sufficient facts from which the Court may
10 determine that a Title VII claim exists. Plaintiff does not allege that he is a member of a
11 protected class. Plaintiff does not indicate with any specificity what alleged
12 discriminatory conduct occurred, where it occurred, and when it occurred. Plaintiff does
13 not indicate whether he was qualified for his position and satisfactorily performing his
14 job, nor does he allege whether others outside of his protected class were being treated
15 more favorably or any other circumstances which may give rise to an inference of
16 discrimination. Plaintiff does not allege any direct or circumstantial evidence of
17 discrimination. Plaintiff does not describe protected activity in which he was engaged for
18 which Defendant took retaliatory adverse employment action against him. Because
19 Plaintiff has failed to state a Title VII claim against the named Defendant for which relief
20 can be granted on any theory of liability, the Complaint will be dismissed without
21 prejudice.

22 **III. LEAVE TO AMEND**

23 For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to
24 state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a
25 first amended complaint to cure the deficiencies outlined above. Plaintiff must clearly
26 designate on the face of the document that it is the "First Amended Complaint." A first
27 amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d
28 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542,

1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court the factual basis for his Title VII claims, including for example: (1) the protected class in which Plaintiff is a member; (2) whether Plaintiff was qualified for his position and performing his job satisfactorily; (3) any protected activity of the Plaintiff; (4)exactly what the Defendant did or failed to do that constitutes adverse employment action; (5) when the action or inaction of the Defendant occurred; (6) whether similarly situated employees outside of Plaintiff's protected class were treated more favorably or other relevant circumstances giving rise to an inference of discrimination; (7) when the Plaintiff filed a charge with the EEOC or appropriate state agency; (8) the relief Plaintiff seeks for injuries he has sustained. Plaintiff must repeat this process for each entity he names as a Defendant. Conclusory allegations will not suffice.

## IV. POSSIBLE DISMISSAL

If Plaintiff fails to timely comply with every provision of this Order, the Court may dismiss this action without further notice. *See Ferdik,* 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the court).

## V. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Doc. 1) for failure to state a cause of action.

**IT IS FURTHER ORDERED** that Plaintiff shall file a First Amended Complaint within thirty (30) days of the filing of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

Dated this 4th day of November, 2016.

Eileen S. Willett
United States Magistrate Judge